Thefollows.
Shippen, President.
—The four questions, first in the order of statement in the case submitted to the opinion of the court, having been candidly given up by the counsel for the defendant, it only remains to consider the fifth point; which involves an enquiry, whether by the bankrupt’s selling the goods as the plaintiff’s factor, but taking a bond for the money in his own name, the nature of the original demand is not so altered, that it shall attach to the general mass of the bankrupt’s property, and be held by his assignees in exclusion of the plaintiff’s claim ? In other words, whether the plaintiff retains such a legal or equitable right to the bond, or to the money arising from it, as will enable him to maintain an action against the assignees, if they have received the amount?
The Legislature in adopting, not only the general spirit, but frequently the very words of the bankrupt law of England, have wisely saved the expence and trouble of settling many questions, which might, otherwise, have occurred for litiga *67 tion, on the introduction of a new and intricate system. Of this description is the clause now in question. The general words, that " if any person at such time as he shall become “ bankrupt, shall by the consent of the true owner have in his " possession any goods whereof he shall be reputed owner, the " commissioners shall have power to sell the same in like manner as any other part of the bankrupt’s estate,” are transcribed from the statute of the 21. Ja. 1. c. 19; and have received, in England, an ascertained construction highly favorable to commerce. The goods meant by the statute, are there judicially interpreted to be such goods, as the party to whom they really belong, suffers the trader to sell as his own ; and not such as the trader has a bare authority to sell, in the character of a factor, for the use of the principal, who employs him. The same construction must prevail here, for the enacting words are the same ; and although the section of one law is not preceded by a preamble, it is certain, that many of the decisions in the courts of Westminster are made without adverting to the preamble, which precedes the analagous section in the statute of James.
The argument, however, which has been chiefly relied on by the defendant’s counsel, is, that by taking a bond for the debt of the principal, the factor has rendered the property his own, and is merely answerable personally to his constituent. But on this point, likewise, we entertain not the least doubt. Whereever the property of the principal can be specifically distinguished from the property of the factor, it has been uniformly determined, that the right of the former shall prevail over the possession of the latter. If, indeed, a factor sells the goods consigned to him, receives the money due upon the sales, and mixes it, indiscriminately, with his own cash, there cannot, from the nature of the thing, be any subsequent distinguishment, any specific appropriation of property. But if the factor sells on credit, and does not afterwards actually receive the money ; or if, having received the money, he vests the amount in other effects for the use of the principal ; or if, upon the sale, he takes notes in his own name, for the price of the goods;—in all these instances, the property of the principal is clearly separated from the factor’s ; and being thus distinguished, and distinguishable, it must upon the principles of law and equity be appropriated, upon the factor’s bankruptcy, to the individual use of the principal; it cannot be applied by the commissioners to the benefit of the general creditors.
But, it has likewise been contended, that the factor’s taking abond, may be distinguished from the case of taking a note ; as the bond extinguishes the simple contract debt, but the note *68 does not. The extinguishment of a book debt, by receiving a security of a higher nature, may vary the mode of recovery, but cannot alter the right. The money due upon the bond, is still the money of the principal; and he has an unquestionable right to employ the name of the obligee in an action to recover it. If, indeed, in the case of negociable notes (which are to many purposes considered as money) the sum due upon them, shall still be deemed to be the property of the principal; there seems a stronger reason, that the rule shall operate in the case of bonds, which, even in Pennsylvania, are instruments of a less negociable nature than notes.
Upon the whole, we are of opinion, that the law is clearly in favor of the plaintiff.